FERRER ET AL., APPELLANTS, *v.* TORRUELLA ET AL., RESPONDENTS.

APPEAL from the District Court of Ponce.

No. 912.—Decided February 14, 1913.

THIRD PARTIES—LACHES—ANNULMENT OF PROCEEDINGS—PUBLICATION OF NOTICES OF SALE.—Even admitting that in the case at bar error was committed in not publishing the notices of sale for the period required by the old Law of Civil Procedure, in accordance with that law the prejudiced party should have petitioned for the annulment of the proceedings in the original suit prosecuted in accordance with that law and in which the error was committed. The property having been sold to a third party and several years having elapsed, it is now too late for the prejudiced party to bring an action for the annulment of said proceedings.

EXECUTION—SALE AT PUBLIC AUCTION—DEED EXECUTED BY ORDER OF COURT—CONTRACTS—FRAUD.—When in proceedings for the execution of a judgment

prosecuted in accordance with the old Law of Civil Procedure the property
of the debtor is levied on and sold to the creditor for two-thirds of its value
and the court orders the debtor to execute a proper deed of sale in satisfaction
of the judgment, said sale having the requisites of all contracts specified in
section 1228 of the Civil Code, is valid and in the absence of fraud, intimi-
dation, duress or other similar element will not be annulled.

The facts are stated in the opinion.

*Mr. Alfredo Arnaldo* for appellants.

*Mr. J. A. Poventud* for Asunción Torruella.

*Mr. Francisco Parra* for Fernando Vendrel.

MR. JUSTICE WOLF delivered the opinion of the court.

During his lifetime Don Luis Pérez Valdivieso obtained a
judgment of 16,000 *pesos,* Mexican money, against the Suc-
cession of Don Carlos Pagés y Maristoni. After the death
of her husband Doña Asunción Torruella y Rivera subro-
gated to the rights and in place of her said husband, pro-
ceeded to the execution of such judgment and executed on
the property of the defendants, Doña Obdulia Ferrer and her
children, Don José, Don Carlos, Don Manuel and Don Juan
Pagés y Ferrer. The value of the *finca* executed on amounted
to 51,602 *pesos,* equivalent to $30,361, and the District Court
of Ponce, as the successor of the former Court of First
Instance of that city before which the original suit had been
begun in 1894, rendered an order that such property should
be advertised for sale at public auction for a term of twenty
days, (*mandando sacar a remate la dicha finca por un término
de veinte días*) providing that the auction should be announced
by means of edicts which should be published in *La Gaceta* of
Porto Rico and in *La Democracia,* and these edicts were pub-
lished in *La Gaceta* the 17th of October, 1899, and in *La De-
mocracia* the 14th of October of the same year. On the 26th of
October, 1899, which was the day fixed for the sale, the auction
took place. There was no bidder and the execution creditor,
Doña Asunción Torruella y Rivera, asked that the property
be sold to her for the two-thirds parts of its valuation. On
the 17th of March, 1900, the District Court of Ponce adjudged
the said *finca* to Doña Asunción Torruella for the two-thirds

parts of its valuation, and on the petition of said execution creditor a demand was made (*se requirió*) on Doña Obdulia Ferrer and her children to execute a deed of sale to Doña Asunción Torruella of the *finca* sold at public auction, and in compliance with this judicial order the said Obdulia Ferrer and her children made a notarial deed to Doña Asunción Torruella, and this title was recorded according to the complaint in the mayoralty of Santa Isabel on the 10th of April, 1900.   Don Fernando Vendrel bought this property of Doña Asunción Torruella with knowledge that between the sale of the same and the date of the publication of the edicts announcing such sale the term of twenty days fixed by law had not elapsed.

These are the essential facts of this suit as set up by the complaint filed by Obdulia Ferrer *et al.*, to which the defendant, Asunción Torruella, filed a demurrer.   The demurrer was sustained, judgment was entered and the complainants appealed.

In reply to the contention of the appellants that the sale was void for failure to publish for twenty days, the appellees contend that a contract of purchase and sale cannot be declared void except for intimidation, violence, error, or fraud, etc., and rely on sections 1267, 1268 and 1228 of the Civil Code.   They also maintain that the appellants should first have begun an action of nullity of proceeding before asking for the nullity of the contract of purchase and sale.   Likewise they set up that the sale was not made under the Mortgage Law, and therefore that it was unnecessary that the edicts should be published for twenty days, but that if twenty days elapsed between the order and the sale it was a sufficient compliance with the law of Civil Procedure then prevailing.   Appellees also maintain that an independent suit to annul these proceedings does not lie because the petition for such annulment should have been made in the previous suit.   Another contention made by the appellees is that the appellants, by making the deed to Doña Asunción Torruella, waived any

defect in the sale or the publication of edicts. The appellees also allege that the action has prescribed on the face of the complaint.

Appellants perhaps are right in maintaining that the edicts should have been published for twenty days. However, supposing that it was an error not to so publish, we think that such a question could only be raised by virtue of a petition to annul the proceedings (*actuaciones*) taken in the suit and such petition would have to be made in the original suit. It is too late to bring such an action after the property has been conveyed to a third person and the plaintiffs have allowed years to elapse.

The principal ground for affirming the judgment is that there is a valid existing contract executed by the appellants conveying the property to the predecessor in title of the present owner. After the alleged execution proceedings took place the court ordered appellants to convey the property to Doña Asunción Torruella. Such a conveyance was made and it has all the requisites of a valid contract under section 1228 of the Civil Code, inasmuch as the ancestor or predecessor of appellants was indebted to the predecessor of the present owner and inasmuch as all the parties were competent to contract and consented. It makes no difference that there was an order of court requiring the conveyance. There was no personal penalty or danger in a refusal. The conveyance being made, a perfectly good contract exists, and no grounds of fraud, intimidation, or duress, or other undue element, have been shown.

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.